# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| Gene Kellogg and Eda Kellogg,<br><br>    Plaintiffs,<br><br>vs.<br><br>Daniel J. Smith, an individual,<br>DDA, Inc., an Indiana corporation,<br>Brenda McGinley, an individual,<br>International Investigators Inc, an Indiana corporation, C. Tim Wilcox, an individual, and Recon Avionics, Corporation, an Indiana corporation,<br><br>    Defendants. | Civil File No. 16-00016-DLH-CSM<br><br>**PROTECTIVE ORDER** |

Upon consideration of the Stipulation by the parties for a Protective Order [Docket No. 52] pursuant to Federal Rule of Civil Procedure 26(c):

IT IS HEREBY ORDERED:

    1.    As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

    2.    A Party may designate a document "Confidential," to protect information within the scope of Fed. R. Civ. P. 26(c).

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents of their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

   a. the Court and its staff;
   b. Attorneys, their law firms, and their Outside Vendors;
   c. persons shown on the face of the document to have authored or received it;
   d. court reporters retained to transcribe testimony;
   e. the parties;
   f. outside independent persons *(i.e.,* persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third pa1lies shall be treated as "Confidential" for a period of 14 days from the date of their production, or, in the case of documents produced prior to this Order, for 14 days from the date of this Order, and during either period any party may designate such documents as "Confidential " pursuant to the terms of the Protective Order.

6. Each person appropriately designated pursuant to paragraph 4(f) to receive Confidential l information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person

who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

  7. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

  8. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. Any party receiving such improperly designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents.

  9. If a party files documents with the Court containing information designated as protected pursuant to the terms of this Order, the filings must be in compliance with the Electronic Case Filing Procedures for the District of North Dakota. The parties are advised that designation

by a party of a document as protected pursuant to the terms of this Order cannot be used as the sole basis for filing the document under seal in connection with either trial or non-dispositive, dispositive, or trial related motion. Only those documents and portions of a party's submission, or any part thereof, which otherwise meets the elements for protection from public filing (including, but not limited to, a statute, rule or regulation prohibiting public disclosure, or protection under the attorney-client privilege or work product doctrine, or the standards for protection set forth in Fed. R. Civ. P. 26(c)), as first determined by the Court upon motion and a showing of good cause, shall be filed under seal. If a party intends to file with the Court a document designated by another party as protected pursuant to the terms of this Order, then that filing patty shall provide reasonable advance notice to the designating party of such intent so that the designating party may determine whether or not they should bring a motion before the Court which seeks to rerun ire the protected documents to be filed under seal. Any party which seeks to assert that a document should be filed with the Court under seal shall have the burden of demonstrating that the document should be filed under seal.

    10.    Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

12. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14. The obligations imposed by the Protective Order shall survive the termination of this action.

Dated:   December 23, 2016

_____
Charles S. Miller, Jr.
U.S. MAGISTRATE JUDGE

EXHIBIT A

WRITTEN ASSURANCE

_____ declares that:

I reside at_____in the City of

_____, County of_____, State of_____.

My telephone number is_____.

I am currently employed by_____, located at

_____, and my current job title is

_____.

I have read and I understand the terms of the Protective Order dated

_____

, filed in Case No. 16-00016-DLH-CSM, pending in the United States District Court for the District of North Dakota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of North Dakota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____         _____
              (Date)                                               (Signature)